CLARDY *et al.*, Appellants, v. RICHARDSON, Respondent.

1. Where a deed executed and attested in the state of Tennessee, the grantor and the attesting witnesses residing there at the same time, is offered in evidence in the courts of this state, its execution may be proved by proof of the handwriting of the grantor. It will be presumed that the subscribing witnesses are out of the jurisdiction of the courts of this state.
2. A copy of the record in the state of Tennessee of such deed is inadmissible in evidence in the courts of this state, unless it appear that such copies are evidence by the laws of Tennessee.

*Appeal from Hickory Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*F. P. Wright*, for appellants.

I. The court erred in rejecting evidence of the handwriting

and signature of the grantor in the deed of gift. (Valentine v. Piper, 22 Pick. 85 ; Morgan v. Curteneas, 4 McLean, 366 ; Clark v. Sanderson, 3 Binn. 192 ; Woodman v. Segar, 25 Maine, 90. )

Il. A copy properly authenticated of a deed which has been admitted to record in another state is admissible in evidence in this state. (Strode v. Churchill, 2 Litt. 75 ; Rochester v. Toler, 4 Bibb, 106 ; Maria (of color) v. Atterberry, 9 Mo. 372 ; 5 Martin, 775.)

*Gardenhire*, for respondent. .

I. Evidence of Clardy's signature was not admissible. Proper diligence in searching for the subscribing witnesses was not shown. The degree required is the same as that required in the search for a lost paper. (1 Greenl. Ev. § 576.) ' The parol evidence offered only showed, what the instrument showed on its face, that Clardy once resided in Tennessee. That was not the question ; the residence of the subscribing witnesses was what the court wanted to know. Appellant proposed to show this simply by showing where the grantor resided prior to the execution of the instrument.

II. The certificates on the instrument did not make it admissible. It was not shown that the laws of Tennessee required it to be recorded. It may be presumed that the common law rules are the same there as here, but not that the statute laws are the same.

III. The same objections apply to the copy of the original.

SCOTT, Judge, delivered the opinion of the court.

We are of the opinion that the court improperly rejected the evidence offered in relation to the execution of the deed by the plaintiffs. In the case of Valentine v. Piper, 22 Pick. 85, it was held that, where the attesting witnesses to a deed are not within the jurisdiction of the court, it may be proved by evidence of the handwriting of the party by whom it was executed. In the case of Clarke v. Courtney, 5 Pet. 319, the Supreme Court

of the United States says, that if, upon due search and inquiry, no one can be found who can prove the handwriting of the subscribing witness to a deed, no doubt resort may then be had to proof of the handwriting of the party who executed the instrument. The evidence was amply sufficient to show that the deed in question was executed in the state of Tennessee, and that the parties thereto were residents of that state. They were then beyond the jurisdiction of this court. The subscribing witnesses having been shown to be non-residents when they attested the execution of the deed, the court will presume that they remained non-residents in the absence of all proof to the contrary. Where then was the use of a search in order to find them? Would the law require the plaintiffs to go into every county of the state and institute a diligent inquiry in order to ascertain whether they might not possibly have left Tennessee and removed to Missouri. In the case of Clarke v. Sanderson, 3 Binn. 192, it was held that search made for the proof of the handwriting of the witness, where she last resided, but without effect, is enough to allow proof of the handwriting of the party. As the subscribing witnesses were out of the jurisdiction of the court when they became such, and as the law presumed that they continued so, it would have been a vain and nugatory thing to have made a search for them. Consequently the plaintiffs were entitled to resort to proof of the handwriting of the party executing the instrument. The regular mode of proving the execution of a writing, attested by a subscribing witness, is to produce the witness himself ; if he can not be had, then resort must be made to proof of his handwriting ; if that can not be obtained, then recourse must be had to proof of the handwriting of the maker or his acknowledgment—for the declarations of the maker may be resorted to, to prove the instrument, wherever you are permitted to resort to his handwriting.

It may be remarked, in relation to the copy of the record of the deed made in Tennessee, that it does not appear from any thing before us that there was any law in Tennessee which made such copies evidence. After our statute of conveyances in re-

lation to lands was passed, by which they were required to be recorded, it was held that copies of the record were not evidence of the execution of the deed without the warrant of the statute making them such. (Miller v. Wells, 5 Mo. 6.) The act of 27th March, 1804, passed by Congress in relation to this subject, and under which the copy must be read, (if it is read at all,) enacts that copies of such records shall only have the force and effect in a sister state that they had in the state where they were made. If, by our law, such copies of our records would not be evidence in our own courts, like records from our sister states of course could not be evidence here. The cases cited on this subject were in relation to records authenticated under the act of May, 1790, which were judicial records, which are unlike the records under the act of 1804.

The other judges concurring, the judgment will be reversed, and the cause remanded.